[No. 13189.   Department Two.   April 21, 1916.]

JULIUS SHAFER *et al.*, *Respondents*, v. UNITED STATES CASUALTY COMPANY, *Appellant.*[1]

INSURANCE—INDEMNITY—NOTICE—TIME—EXCUSE. Failure to give immediate notice of an accident, as required by a policy of indemnity insurance, will not avoid the policy where it was impossible to give notice until the insured had notice, which was done.

SAME—NOTICE OF LOSS—BY MAIL—EVIDENCE—SUFFICIENCY. Evidence of the mailing of letters to insured, with return address thereon, to which no reply was received and that the letters were not returned, is insufficient to establish notice, where the insured denied having received the letters.

SAME—INDEMNITY—NOTICE OF ACCIDENT—IMPUTED NOTICE — PRINCIPAL AND AGENT. Knowledge on the part of an employee through whose fault an accident happened is not imputed to the employer carrying a policy of indemnity insurance which required the insured to give "immediate" notice of an accident insured against.

APPEAL—REVIEW—THEORIES. A decision based on an erroneous theory tried *de novo* on appeal, will be sustained if correct on any theory.

[1]Reported in 156 Pac. 861.

APPEAL—REVIEW—INSUFFICIENT FINDINGS. Defective findings will not *invalidate a judgment, where on trial de novo on appeal* the evidence is found to justify the judgment.

INSURANCE—INDEMNITY—POLICY — RECOVERY — COSTS OF DEFENSE. Where an indemnity company refused the tendered defense of a personal injury case, reasonable attorney's and witnesses' fees and expenses incurred by the insured are recoverable in an action on a policy of indemnity insurance providing that all expenses in defending the suit and costs assessed against the insured shall be paid by the indemnity company.

Appeal from a judgment of the superior court for King county, Irwin, J., entered September 3, 1915, upon findings in favor of the plaintiffs, in an action on contract, tried to the court. Affirmed.

*Kerr & McCord*, for appellant.

*Vince H. Faben*, for respondents.

Holcomb, J.—Respondents had judgment for recovery on a policy of elevator insurance. The facts on which the same was based are, briefly, these: On November 23, 1913, appellant executed and delivered to respondents a policy of insurance, whereby it agreed to indemnify them against loss for damages on account of bodily injuries accidentally suffered by any person while entering or alighting from the elevators in a certain building in Seattle, Washington, owned by respondents, and in case of suit to defend such action and to pay expenses and costs. On May 10, 1914, while the policy was in full force and effect, one Horner was alleged to have been injured while entering one of the elevators covered by the policy. Thereafter, on about August 17, 1914, Horner commenced an action against respondents in the superior court of King county, for damages alleged to have been sustained from his injury. Respondent Julius Shafer, who had the entire control and management of the building, immediately upon the service of the summons and complaint upon respondents, took the same to one Lippman, the local

agent of appellant in Seattle, and tendered the defense of the action to appellant. This Lippman refused to undertake on the ground that notice of the accident had not been given to appellant as provided for in one of the conditions of the policy, which was as follows:

"Condition B: When any accident happens the assured shall give immediate written notice thereof to the company at its home office in New York City, or to its duly authorized agent. If any claim is made on account of such accident, the assured shall give like notice thereof. . . . That assured shall always give the company all cooperation and assistance possible. The company shall have the right to settle any claim or suit at its own cost at any time."

It was contended by appellant that, by reason of this delay to give notice as provided in the policy, the elevator pilot who operated the elevator at the time of the alleged accident could not be located by appellant, after a diligent search, so he could be used as a witness at the trial. Respondents retained counsel, and the case proceeded to trial, and judgment was entered against respondents in the sum of $200, and costs were taxed in the sum of $41.40. Meantime the elevator pilot had been located by respondents, and testified in their behalf. Respondents paid the judgment amounting to $241.40, and also the further sum of $323.80 for attorney's fees and reporter's and witness fees, which were necessary, so far as the record discloses, in properly defending the action; and instituted the present action against appellant to recover the amount so paid out, alleging a breach of the terms of the insurance policy by reason of appellant's failing to defend the action. Appellant answered and sought to escape liability on the ground that written notice had not been given as provided in the policy above set out, and that, by reason thereof, it was not able to locate the principal witness, viz., the elevator pilot. Trial was had to the court without a jury, and the court made and entered findings of fact and conclusions of law against appellant, and rendered judg-

ment in the sum of $565.65, with interest and costs; from which this appeal comes.

From a memorandum opinion of the trial court filed in the case, we find that his decision was based on the ground that, since the elevator pilot was located and testified at the trial on behalf of the respondents, the delay in giving notice did not contribute to the loss, and so the breach of this condition could not relieve appellant from liability, as provided in 3 Rem. & Bal. Code, § 6059-34, which reads, in part, as follows:

"The breach of a warranty or condition in any contract or policy of insurance shall not avoid the policy nor avail the insurer to avoid liability unless such breach shall exist at the time of the loss and contribute to the loss."

The court being of this opinion, did not make a finding on the question of whether respondents had notice of the injury prior to the time when they were served with process in the Horner action, the evidence on this point being conflicting. The determination of this question lies at the very threshold of this appeal and, from the view we take of the point, it is determinative of the action; as the rule is well settled that where, because of the circumstances and conditions surrounding the transaction, the giving of notice within the time specified becomes impossible, it will be excused and held sufficient if given within a reasonable time after the removal of the obstacle. *Hilmer v. Western Travelers' Acc. Ass'n*, 86 Neb. 285, 125 N. W. 535, 27 L. R. A. (N. S.) 319; *Jennings v. Brotherhood Acc. Co.*, 44 Colo. 68, 96 Pac. 982, 130 Am. St. 109, 18 L. R. A. (N. S.) 109; *United States Casualty Co. v. Hanson*, 20 Colo. App. 393, 79 Pac. 176.

In *Edgefield Mfg. Co. v. Maryland Casualty Co.*, 78 S. C. 73, 58 S. E. 969, the court held that, where plaintiff was insured against accidents to its employees and the policy provided for immediate notice of accident to insurer, notice of accident was excused where the superintendent was sick and most of the office force were quarantined with the small-

pox; since notice of the accident was given as soon as the new superintendent found the policy of insurance. In *Crystal Ice Co. v. United Surety Co.*, 159 Mich. 102, 123 N. W. 619, the court held that proof of actual notice to the agent of defendants of an employee's defalcation as soon as discovered and a letter two days later acknowledging receipt of such notice is timely notice of defalcation. In *Hope Spoke Co. v. Maryland Casualty Co.*, 102 Ark. 1, 143 S. W. 85, Ann. Cas. 1914 A. 268, 38 L. R. A. (N. S.) 62, the court held that, where plaintiff was insured for accidents to his employees and upon the happening of an accident gave notice to a wrong company and as soon as he found out his mistake gave notice to the right company, the failure to give immediate notice would not absolve the insurer from liability, for unless the contract makes the giving of the notice a condition precedent to recovery or the essence of the contract, failure to give notice within a specified time does not operate as a forfeiture. This case also distinguishes the case of *Deer Trail Consol. Min. Co. v. Maryland Casualty Co.*, 36 Wash. 46, 78 Pac. 135, 67 L. R. A. 275, in that, in the *Deer Trail* case, the policy, by express terms, made the giving of the notice a condition precedent to recovery. In our present case, the terms of the policy do not make the giving of the notice either a condition precedent to recovery or of the essence of the contract.

"Where the policy contains a stipulation that, in order to entitle the insured or his beneficiary to recover thereunder, a notice of the accident or injury, containing full particulars thereof, must be furnished the insurer within a certain time, such stipulation is valid and must be complied with before a recovery can be had on the policy, except where not made a condition precedent to such right of recovery or where impossible of performance." 1 Cyc. 274.

There is no direct evidence in the record that either of the respondents had notice of the accident prior to the institution of the Horner action, except that Lippman testified that, in

a conversation with respondent Julius Shafer, the latter told him that he (Shafer) knew of the accident but thought it was so trivial as to be of no consequence. This was positively denied by Julius Shafer. Horner testified that he sent two letters concerning the accident, with his return address thereon, directed to the manager of the Mutual Life building, and received no reply, and that the letters were not returned. Respondent Julius Shafer denied having received either of these letters; and this notice was insufficient under the holding of this court in the case of *Gibson v. Rouse*, 81 Wash. 102, 142 Pac. 464. Horner also testified that he went to one Hartley in the building where the accident occurred immediately after the accident and there notified him of it. It appears, however, that Hartley was merely a tenant in the Mutual Life building, and was the agent of the respondents only in a limited sense of collecting rents from tenants whom he procured, and received his office rent therefor. Hartley denied notice and testified that he had never seen Horner before. It appears that Horner never gave either of the respondents personal notice of the accident, though he knew that they owned the building, and passed the place where they transacted their merchandise business, several blocks distant from the Mutual Life building, frequently. Julius Shafer, who attended to all the business concerning the Mutual Life building, stated without reservation that he never had notice of the accident until the process was served on him in the Horner action. Viewing these facts as a whole, we think respondents have sustained their contention that they never had notice of the injury prior to the time the Horner action was instituted against them, and that it was impossible for them to give notice of the accident until they had notice of it; that they were relieved of the necessity of giving notice to appellant.

Nor do we think that knowledge of the accident by the elevator pilot is to be imputed to the respondents. The rule on this question is aptly expressed in the case of *Mandell v. Fidelity & Casualty Co.*, 170 Mass. 173, 49 N. E. 110, 64

Am. St. 291, which holds that knowledge of an accident to a teamster is not imputed to his employer, and that all the employer was bound to do was to exercise ordinary diligence in adopting such measures as would lead to knowledge on his part of the occurrence of accidents. Upon this question, respondents testified that they told their employees to notify them immediately of any accidents occurring in the Mutual Life building. In *Woolverton v. Fidelity & C. Co.*, 190 N. Y. 41, 82 N. E. 745, 16 L. R. A. (N. S.) 400, the court holds that knowledge of the servants of a corporation, insured against the injuries caused by its horses or vehicles, by whose fault an injury is caused, is not imputed to the corporation so as to bring into operation a provision of the policy requiring immediate notice to the insurer in case of accident.

It is true the court below decided the case on a different theory; but since the case is triable *de novo* in this court, a decision correct upon any theory will be sustained in the appellate court, although the theory of the trial court may have been erroneous. *Kanton v. Kelly*, 65 Wash. 614, 118 Pac. 890; *Kane v. Dawson*, 52 Wash. 411, 100 Pac. 837; *Hartig v. Seattle*, 53 Wash. 432, 102 Pac. 408.

Nor do we consider the fact that the trial court failed to make a finding as to whether or not respondents had notice of the accident prior to the time of the institution of the Horner suit fatal to the judgment, based on the grounds expressed in this opinion; as every necessary fact not expressly negatived will be presumed, and the insufficiency of the findings of fact is immaterial where the evidence justifies the judgment, and merely defective findings will not invalidate it. *Blair v. Wilkeson Coal & Coke Co.*, 54 Wash. 334, 103 Pac. 18; *Magee v. Risley*, 82 Wash. 178, 143 Pac. 1088; *Cook v. Oregon-Washington Corporation*, 84 Wash. 68, 146 Pac. 156, 149 Pac. 325.

Appellant next contends that, in any event, the sums for reporters, lawyers, and expert witnesses' fees, aggregating

$323.80, are not items chargeable against it; but, since this is a contract of indemnity against loss, and condition B of the policy provides that all expenses, legal or otherwise, incurred by the company in defending such suit and all costs assessed against the insured shall be paid by the company, etc., it was, therefore, the duty of the respondents to take all reasonable means to reduce the recovery to a just sum if the appellant, as it did here, refused to defend the action. But since there is no contention that these sums are unreasonable, we think they were properly charged to appellant. Other contentions urged by appellant we consider unnecessary to notice, owing to the views expressed herein.

The judgment is affirmed.

MAIN, PARKER, and BAUSMAN, JJ., concur.