[No. 22369. Department One. August 22, 1930.]

W. E. PONTIOUS, *Respondent,* v. AMERICAN MOTORISTS INSURANCE COMPANY, *Appellant.*[1]

[1]Reported in 290 Pac. 850.

*J. C. McCoy,* for appellant.
*W. H. Sibbald,* for respondent.

PARKER, J.—The plaintiff, Pontious, seeks recovery of attorney's fees incurred by him in defending a claim of damages prosecuted against him for personal injuries resulting from an automobile accident against which he was insured by the defendant insurance company. A trial in the superior court for Cowlitz county, sitting without a jury, resulted in findings and judgment awarding to the plaintiff recovery in the sum of five hundred dollars against the defendant, from which it has appealed to this court.

The cause is before us for decision upon the findings of the superior court, which, in so far as need be here noticed, are as follows:

"II. That on the 11th day of June, 1928, the defendant, for a valuable consideration paid to it by the plaintiff, issued its policy number 430043 to the plaintiff

wherein and whereby and by the terms whereof the defendant company agreed to indemnify the plaintiff against loss from the liability imposed by law upon the assured for damages on account of bodily injuries accidentally suffered or alleged to have been suffered by any person or persons as a result of the ownership, maintenance or use of one certain Pontiac sedan automobile then and there owned by the plaintiff, providing such liability should not exceed the sum of five thousand dollars, and further agreed to defend any suit brought to recover damages on account of any such alleged damage or liability.

"III. That on or about the 10th day of October, 1928, said automobile, while being driven by the wife of the plaintiff, turned over on its side and that one Leanna Nelson, who was then and there riding in said car with the wife of plaintiff, as her guest, was injured.

"IV. That the defendant company was immediately notified of such accident and took charge of the investigation, etc., of such accident and an action was brought against the plaintiff herein, W. E. Pontious, and his wife, Pearl Pontious, for the sum of ten thousand dollars for damages resulting to said Leanna Nelson as a result of said accident; that the defendant company declined to appear and defend said action for this plaintiff or his said wife, notifying the plaintiff to such effect, and procured from the superior court above-entitled an order permitting the defendant company herein to appear in its own behalf and to set up issues of fraud and concealment and conspiracy, and praying that it be discharged from any and all liability on account of its said contract of insurance.

"V. That in and by reason of the premises the plaintiff was forced to procure counsel to defend said action for him and that he engaged W. H. Sibbald, of Kelso, Washington, a duly licensed, and practicing attorney of the state of Washington, to appear and that such attorney did so appear and defend said action on behalf of this plaintiff; that said action was tried to a jury and that said jury returned a verdict in favor of said Leanna Nelson and against the defendant company herein and against this plaintiff, W. E. Pontious and his said wife, in the sum of three thousand dollars

and that the verdict of said jury further found that the plaintiff herein, W. E. Pontious, had not conspired against the defendant company or attempted to defraud it, or concealed evidence or defrauded it in any manner and in all things adjudicating the defendant's contentions of concealment, conspiracy, etc., against it, the said insurance company, and holding it liable for the entire amount of said judgment.

"VI. That the plaintiff herein has expended or become obligated for the sum of five hundred dollars as attorney's fees in the defense of said action; that said sum of five hundred dollars is a reasonable sum for attorney's fees in said action and that there is due and owing from the defendant to the plaintiff the sum of five hundred dollars, no part of which has been paid, though demanded.''

It is contended in behalf of the company that, because neither the complaint nor the findings state that the policy was in force at the time of the accident, the record before us fails to support the judgment in that important particular. It is true that neither the complaint nor the findings, in terms, expressly so state. Both the complaint and findings state that the policy was issued on June 11, 1928, and that the accident occurred on October 10, 1928, which was but four months after the issuance of the policy. There was no demurrer to the complaint. The affirmative defense set up in the answer plainly assumes the policy to have been in force at the time of the accident. A presumption of correctness attends the judgment. These considerations, we are of the opinion, call for our declining to reverse the judgment upon the ground of this contention.

It is further contended in behalf of the company that the findings fail to state that Pontious was the owner of the automobile at the time of the accident. This, it seems to us, is of no consequence, in view of the insurance being against damages on account of bodily

injury "alleged to have been suffered by any person as the result of the ownership, maintenance or use of" the automobile; and the finding of the superior court that the accident occurred while the automobile was being driven by the wife of the plaintiff. The use of the automobile was a community use, the damage judgment was a community obligation, and the insurance was insurance of the community against such an obligation.

It is further contended in behalf of the company that the defense to the damage action made by it was as much upon the merits of the question of the liability of Pontious as upon the question of its liability upon the policy, and that therefore Pontious was not under the necessity of employing counsel to defend the action against his liability. We are not able to so read the findings. The portions of them touching particularly this contention are,

". . . that the defendant company declined to appear and defend said action for this plaintiff . . . and procured from the superior court an order permitting the defendant company herein to appear in its own behalf and set up issues of fraud and concealment and conspiracy, and praying that it be discharged from any and all liability on account of its said contract of insurance,"

and that Pontious "was forced to procure counsel to defend said action for him." Pontious was, of course, particularly interested in having a strong defense made against his damage liability, in view of a threat of a ten-thousand-dollar judgment being rendered against him in the damage action and his being insured by the company against such possible judgment only to the extent of $5,000. We cannot say, in the absence of a statement of facts telling us what occurred upon the trial, that the court's finding that Pontius "was forced

to procure counsel to defend said action for him'' is not supported by the evidence, especially in view of the attitude of the company as stated in these quoted findings.

We are to remember that the company, by its policy, expressly ''agreed to defend any suit brought to recover damages on account of any such alleged damage or liability.'' This, it seems plain, obligated the company to defend Pontious against the whole of the ten-thousand-dollar damage claim, though it was not obligated to pay in excess of $5,000 towards any damages recovered against Pontious. Whether or not the company made substantial defense against there being recovery against Pontious, or directed its efforts principally or wholly to escape liability upon its policy upon the theory of its affirmative fraud defense, leaving to Pontious and his counsel the burden of defense against his liability, we are not advised by any statement of facts properly before us.

It is further contended in behalf of the company that Pontious should not be awarded any recovery, for want of any finding that he has actually paid attorney's fees as a necessary expenditure in the defense of the damage action. Our decision in *McKenna v. International Indemnity Co.*, 125 Wash. 28, 215 Pac. 66, we think, is decisive against the company upon this contention. It was enough that the court found that Pontious had ''expended or become obligated'' for that sum as a necessary expenditure in the defense of the damage action.

The judgment is affirmed.

MITCHELL, C. J., TOLMAN, BEALS, and MILLARD, JJ., concur.