[Civ. No. 6883. Second Appellate District, Division One.—November 19, 1931.]

GEORGE DAVIS et al., Respondents, v. CALIFORNIA HIGHWAY INDEMNITY EXCHANGE (an Association), Appellant.

B. P. Gibbs and Walter W. Little for Appellant.

E. B. Drake for Respondent.

CONREY, P. J.—On the fourteenth day of January, 1925, the plaintiff Nora Ellen Davis, while riding in an automo-

bile operated and controlled by one E. B. Brown, doing business as "Brown Auto Tours", received certain physical injuries in an accident which resulted from negligent operation of said automobile. At that time there was existing and in force the indemnity policy on which judgment has been recovered in this action. The policy dated February 15, 1924, was issued to E. B. Brown, doing business as Brown Auto Tours of Los Angeles, California. Brown was referred to therein as "the subscriber". The policy covered liability of the subscriber for injuries resulting from the operation of a certain described Lincoln automobile while used in the business of "auto tours". It was provided that the policy should inure to and be for the benefit and protection of "anyone who shall sustain any damage or injury . . .. by reason of negligence on the part of the driver or operator of the motor vehicle described herein, . . . when such motor vehicle and the driver or operator of same are duly licensed, have permit issued by the authority of the Board of Public Utilities, Los Angeles, California". In this case it is not questioned that at the time of the accident both the vehicle and the driver or operator were duly licensed and permitted by the authority of said board of public utilities, and in accordance with an ordinance of the city requiring such license and permit as a condition for the lawful operation of such automobile. It was provided in the policy that "in case execution against the subscriber is returned unsatisfied in whole or in part in an action brought by the injured", because of insolvency or bankruptcy of the subscriber, "or because sufficient property of the judgment debtor cannot be found to satisfy such execution, then an action may be maintained by the injured person . . . against the Exchange, subject to and under the terms of this contract for the amount of the judgment recovered in such action not exceeding the amount herein limited or the amount that the subscriber might have recovered against the Exchange under this contract in event of the judgment had been fully satisfied against him".

The plaintiff, Mrs. Davis, together with her husband, in an action to recover damages for the injuries received by her, obtained judgment against Brown in a sum exceeding the amount limited by the indemnity bond, which judgment

was affirmed on appeal and became final prior to the commencement of the present action. Execution was issued on the judgment, and the sheriff having been unable to find any property of the judgment debtor duly made return thereon "no property found". Thereafter the plaintiff brought this action to recover on the indemnity bond, and recovered the judgment from which the defendant California Highway Indemnity Exchange appeals.

Appellant's first point is that the policy is void for want of insurable interest of the subscriber in said Lincoln automobile. In support of this contention reference is made to section 2551 of the Civil Code, which reads thus: "The sole object of insurance is the indemnity of the insured, and if he has no insurable interest the contract is void." Also section 2558 of the Civil Code, which in part reads thus: "Every stipulation in a policy of insurance for the payment of loss whether the person insured has or has not any interest in the property insured, or that the policy shall be received as proof of such interest . . . , is void." Also we are referred to 14 California Jurisprudence, page 463, where the rule is summarized thus: "The sole object of insurance is the indemnity of the insured; if the insured has no insurable interest in the subject of the contract it is void. Accordingly, it is the rule that the insured must have such an interest both at the time the contract is made and when the loss happens, otherwise there can be no recovery on the policy; and upon this point all the authorities agree."

As a witness in this action the said E. B. Brown stated that the said Lincoln automobile was not his property; that his wife had bought it with her own money and it was registered in her name. He said, however, that at the time of the accident he was using said automobile and that he did use it from time to time whenever he had any demand for it to be driven in his business; that he did not consult his wife about it or account to her for its use in the business, but whenever he wanted the automobile he used it. There being no evidence or finding to the contrary, we must assume that said automobile at the time of the accident was in fact the property of Mrs. Brown.

For answer to appellant's contention it should be sufficient to say that this was not a policy of insurance

against loss of the automobile or injury thereto. The so-called policy was an indemnity contract against liability of the subscriber for damages on account of injuries resulting directly from "the ownership, use or maintenance" of the described automobile; limited, however, to casualties suffered during the use of the automobile in the subscriber's business of "auto tours". Such a contract is governed by the law of indemnity, and the rules thereof, as stated in the Civil Code. (Sec. 2772 et seq., Civ. Code.) It is our conclusion that the policy is not void for want of insurable interest in the automobile.

 Counsel for appellant, after stating in his brief his assignment of errors, summarizes his principal grounds for appeal as follows: "In addition to the point that the policy was void for want of an insurable interest, the chief question presented under the above-assignments is whether the terms and conditions of said alleged bond or policy of insurance were fully complied with, viz., whether the automobile in question was being used for 'auto tours' at the time of the accident. If it was not, then said policy has no force or effect under its express terms at the time of the accident."

A real estate firm, for the purpose of promoting sales, was using the well-known device of offering to the public free rides on a "sight seeing bus". For that purpose solicitors were sent out to make appointments with people for sight-seeing trips. The prospective passenger would be given a ticket for the trip. On the morning when the trip was to take place automobiles would be sent out to the homes of the ticket holders to bring them to the centrally located point from which the bus would start. The real estate firm in the instant case contracted with Brown to furnish such Lincoln car, with a driver, to bring certain passengers to the bus. The solicitor went along in order to direct the driver to the various locations where the passengers lived. In that way respondent Mrs. Davis became a passenger on the day when this accident occurred. When they arrived at the location from which the bus was to start, it was decided that on account of unfavorable weather the trip of the day would have to be abandoned. Thereupon the Lincoln car was started back to return the plaintiff to her home. It was on this return trip that the accident occurred. These being the principal evidentiary facts in

relation to the stated issue, appellant now contends that the evidence conclusively shows that the car was not being used in "auto tours", but that plaintiff was merely a passenger in the ordinary sense of one who is a passenger in an automobile for hire. Wherefore it is argued that the court erred in finding that at the time of said accident said automobile was being used for auto tours and was covered by the indemnity policy. It may be conceded that at the time of the accident the automobile was being used under a contract hiring it for the stated purpose; but the evidence justified the court in finding further that said automobile under said contract of hiring was being used for touring purposes, and that under the arrangement made with the plaintiff her trip or tour of the day was to begin when she left her home and end when she was returned thereto.

The judgment is affirmed.

Houser, J., and York, J., concurred.