Mid-States Insurance Company, Appellant, v. Chris G. Brandon et al., Appellees.

Gen. No. 44,890.

Opinion filed May 3, 1950. Released for publication May 23, 1950.

WILLIAM PARKER WARD, of Chicago, for appellant.

HANSEN & HANSEN and ECKERT, PETERSON & LEEMING, all of Chicago, for appellees; A. R. PETERSON, HAROLD W. HUFF, and HERBERT C. LOTH, JR., all of Chicago, of counsel.

470

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

Plaintiff instituted an action under the Declaratory Judgment Act, Ill. Rev. Stat. 1949, State Bar Ass'n Ed., ch. 110, par. 181.1 [Jones Ill. Stats. Ann. 104.057 (1)], seeking to nullify an automobile insurance policy on the ground of misrepresentation by the insured of the ownership of the automobile. Defendants' motion to dismiss the amended complaint was sustained and judgment entered accordingly. Plaintiff appeals.

The complaint alleges in substance that on January 10, 1948, plaintiff issued its usual form of automobile insurance policy for public liability and property damage to defendant Chris G. Brandon, covering the operation of his 1941 Chevrolet automobile for a period of one year; that defendant Chris G. Brandon, aged 50, is a partner in a home-remodeling business and father of defendant Chris L. Brandon, aged 21 years, whose occupation is that of a laborer; that on August 12, 1948, defendant Chris L. Brandon, while driving the Chevrolet, collided with an automobile owned by defendant Edgar H. Caryl and operated by his wife Daisy S. Caryl; that the Caryls made claim, for personal injuries and property damage arising out of the collision, against defendant Chris L. Brandon; that after the collision plaintiff for the first time ascertained that defendant Chris L. Brandon was the sole owner and operator of the Chevrolet; that defendant Chris G. Brandon, named in the policy as the insured, has never at any time been the actual owner of the Chevrolet but merely holds the naked legal title to the automobile in his own name for and on behalf of his son, defendant Chris L. Brandon; that at the time of the purchase of the automobile the initial down payment and subsequent payments were made by defendant Chris L. Brandon; that at the time of the purchase of the Chevrolet automobile Chris L. Brandon was a minor; that

the insured failed and neglected to inform plaintiff of facts material to the nature of the risk of the insurance to be assumed by plaintiff.

The amended complaint prays that a declaratory judgment be entered declaring the policy of insurance here in controversy null and void as of its inception, and that the court declare plaintiff to be under no obligation to adjust or defend any possible action brought by the defendants or any of them, nor to pay any judgment, interest or costs in any action that may hereinafter be instituted by the defendants.

The pertinent provisions of the policy in question read:

I. *Coverage A—Bodily Injury Liability:* To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile.

II. *Coverage B—Property Damage Liability:* To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of the automobile.

III. *Definition of "Insured":* The unqualified word "insured" wherever used in coverages A and B and in other parts of this policy, when applicable to such coverages, includes the named insured and, except where specifically stated to the contrary, also includes any person while using the automobile and any person or organization legally

472

responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured.

The basic question presented is whether the statement of ownership in the policy here in controversy was a misrepresentation by the insured materially affecting the risk assumed by the insurer.

Illinois Revised Statutes 1949, State Bar Ed., ch. 73, par. 766 [Jones Ill. Stats. Ann. 66.829] provides that "no such misrepresentation or false warranty shall defeat or avoid the policy unless it shall have been made with actual intent to deceive or materially affects either the acceptance of the risk or the hazard assumed by the company." In *Hamberg v. Mutual Life Ins. Co. of New York*, 322 Ill. App. 138, this court in construing the foregoing statute held that the word "or" after the word "deceive" should be construed to mean "and."

According to the terms of the policy, coverages A and B extend indemnity to the insured "for bodily injury or property damage" arising out of the ownership, maintenance or *use* of the automobile. So far as appears from the policy the insurer has placed no restrictions upon the named insured's right to permit anyone to use or operate the Chevrolet automobile. The precise question here involved has never been passed on by the courts of Illinois. However, courts of other jurisdictions have held the representation as to sole ownership is not material to the risk with respect to liability to third persons. See *Pauli v. St. Paul Mercury Indemnity Co.*, 167 Misc. 417, 4 N. Y. S. (2d) 41, affirmed 255 App. Div. 935, 8 N. Y. S. (2d) 691, appeal denied, 280 N. Y. 8, 19 N. E. (2d) 685 (1939); *Kuntz v. Spence* (Tex. Civ. App.), 48 S. W. (2d) 413 (1931); *Sly v. American Indemnity Co. of Galveston, Tex.*, 127 Cal. App. 202, 15 P. (2d) 522 (1932); *Ocean Accident & Guarantee Corp. v. Bear*, 220 Ala. 491, 125

So. 676 (1929); *Pontius v. American Motorists' Ins. Co.,* 158 Wash. 264, 290 Pac. 850 (1930); *Hunt v. Century Indemnity Co.,* 58 R. I. 336, 192 Atl. 799 (1937); *Commonwealth Casualty Co. v. Arrigo,* 160 Md. 595, 154 Atl. 136 (1931).

In *Pauli v. St. Paul Mercury Indemnity Co.,* 4 N. Y. S. (2d) 41, and in *Kuntz v. Spence* (Tex. Civ. App.), 48 S. W. (2d) 413, the policies involved had provisions similar to those in the instant case, and there, as here, the insurer defended on the ground that the insured by misrepresenting himself as the sole owner had invalidated the policy.

█ While there are some factual distinctions between the other cases last cited and the instant case, the rule emerging from all of these cases is that in automobile policies covering liability for bodily injury and property damage arising out of ownership, maintenance or use of the automobile, the right of the insured to recover is not based upon his legal or equitable title to or interest in the automobile. We think the rule is stated with clearness and precision by the author in Blashfield's Cyclopedia of Automobile Law and Practice, Permanent Edition, vol. 6, part 1, sec. 3873, p. 537—Insurable Interest, which reads:

"The rule requiring possession by the insured of an insurable interest in the property forming the subject matter of the insurance, which prevails generally in casualty insurance, is not applicable to liability indemnity policies.

"The character of the insurance is quite different from insurance, against injury or loss, of the property insured by fire, theft, collision, or the like, where the insured is required to have some real interest in the property insured; in the case of liability insurance the risk and hazard insured against is not the injury or loss of the property named in the policy, but against loss and injury caused by the use of the property there-

in named, for which the insured might be liable, and the right of the insured to recover does not depend upon his being the holder, in fact, of either a legal or equitable title or interest in the property, but whether he is primarily charged at law or in equity with an obligation for which he is liable.''

In our opinion plaintiff's amended complaint does not state a cause of action and was therefore, on defendants' motion, properly dismissed.

We have considered the other points urged and the authorities cited in support thereof but in the view we take of this case it is unnecessary to discuss them.

For the reasons stated, the judgment is affirmed.

*Judgment affirmed.*

BURKE and KILEY, JJ., concur.