PHOENIX INSURANCE COMPANY, Plaintiff, v. WILLIAM GUTHIEL et al., Defendants.

Supreme Court, Special Term, Monroe County, August 4, 1954.

*Stephen V. Lines* for plaintiff.

*Paul R. Taylor* for Arthur Buckle, defendant.

*Eric P. Smith* for Harold Shoemaker, defendant.

*Samuel J. Stagnitto* for Albert Guthiel and others, defendants.

*Samuel G. Brundage* for George Greenlea, defendant.

ROBERTS, J.   This is an action by the plaintiff for a declaratory judgment to determine whether or not it is obligated to defend and indemnify the defendants, Arthur Buckle and Harold Shoemaker, from claims of the remaining defendants under the terms of an automobile liability insurance policy issued by the plaintiff to the defendant, Arthur Buckle.

The question of coverage here involved arises out of certain facts which are not in dispute.   All of the essential facts are alleged  in the complaint and admitted in the answers of the defendants Buckle and Shoemaker and in an admission of the defendant Shoemaker pursuant to section 322 of the Civil

Practice Act. There being no question of fact presented, the determination of the issue raises solely a question of law which can properly be disposed of by this motion for a summary judgment.

The question presented for determination is this: Does an automobile liability insurance policy cover the named insured and his transferee for liability arising out of an accident involving a car covered by the policy after the named insured has transferred title to the car to the transferee but where the license plates of the named insured have remained upon the car and are on the same at the time of the accident?

The facts, which are not in dispute, are as follows: On February 15, 1953, the plaintiff issued a combination automobile policy to the defendant, Arthur Buckle, covering a 1939 Buick. The policy period was from February 15, 1953, to February 15, 1954. By the terms of this policy the plaintiff agreed " to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages " because of bodily injury or injury to property " caused by accident and arising out of the ownership, maintenance or use of the automobile ". On May 29, 1953, an indorsement was issued for said policy eliminating the 1939 Buick from coverage and adding to the policy a 1937 Plymouth coupe. Thereafter and on July 3, 1953, the defendant Buckle agreed to sell said Plymouth automobile to the defendant Shoemaker for $65, $30 of which was paid at said time and possession of the automobile delivered to the purchaser. On July 15, 1953, the defendant Buckle signed the transfer stub on the New York State registration certificate and delivered the entire certificate to the defendant Shoemaker. On July 23, 1953, Shoemaker made an offer to pay the balance of the purchase price of said car by performing certain work and labor, which offer was accepted by the defendant Buckle. The defendant Buckle did not remove his license plates from the car and they were still on the car when it became involved in an accident on July 26, 1953, with two other automobiles, one owned and operated by the defendant, William Guthiel, and the other by the defendant Greenlea.

It is apparent from the foregoing facts that title to the car had passed to the purchaser prior to the date of accident and at the time of the accident Buckle, the insured, had no title, lien upon, or other interest, in the car. The statute required the seller upon the transfer of ownership to remove his license plates from the vehicle (Vehicle and Traffic Law, § 61). Not

only had he failed to remove his plates but the purchaser had also failed to register the motor vehicle in accordance with the requirements of the statute (Vehicle and Traffic Law, § 11). Defendant Buckle under these circumstances could not deny ownership of the car in any action brought against him arising out of the accident of July 26, 1953. He could be held liable for any damages resulting from the negligent operation of the vehicle under section 59 of the Vehicle and Traffic Law. (*Switzer* v. *Aldrich,* 307 N. Y. 56; *Reese* v. *Reamore,* 292 N. Y. 292; *Shuba* v. *Greendonner,* 271 N. Y. 189.)

Although the insured is liable for any negligent operation of the car at the time of the accident plaintiff claims that it is not obligated under its policy to defend the insured or the operator of the car, or to pay any judgment recovered against them, by reason of the fact that the insured was not the owner of the car covered by the policy at the time of the accident.

The fact that the insured Buckle violated the statute in failing to remove his plates, was not an act of the plaintiff insurance company, nor is there any indication that the plaintiff had any knowledge either that title had been transferred or that the plates had not been removed. The question of coverage depends solely upon the contract of insurance.

The character of liability insurance differs from fire, theft and collision insurance where the insured is required to have some interest in the property insured. In the case of liability insurance, the hazard insured against is not the injury to or the loss of the property named in the policy but the liability or responsibility of the insured for loss or injury caused by the use of the property. (*Pauli* v. *St. Paul Mercury Ind. Co.,* 167 Misc. 417, affd. 255 App. Div. 935, motion for leave to appeal denied 280 N. Y. 853; *Commonwealth Cas. Co.* v. *Arrigo,* 160 Md. 595; *Truck Ins. Exch.* v. *Hanson,* 42 Wash. 2d 256; *Mid-States Ins. Co.* v. *Brandon,* 340 Ill. App. 470; 6 Blashfield Cyclopedia of Automobile Law and Practice, Pt. 1, § 3873.)

In *Pauli* v. *St. Paul Mercury Ind. Co.* (*supra,* p. 425), the court said: "Under an automobile liability policy indemnifying the insured against liability imposed by reason of the ownership, maintenance or use of the automobile, title to the automobile, either legal or equitable, is not necessary. All that is necessary is legal possession *or responsibility for the use thereof.*" (Emphasis supplied.)

The presence of insured's plates upon the automobile and the negligence, if any, in its operation were the factors creating

liability, if any, on the part of the insured. If such liability shall be determined to exist, it is only "by reason of the ownership, maintenance or use of the automobile", and hence it constitutes a risk and hazard covered by the terms of the liability insurance policy.

In *United States Fidelity & Guar. Co.* v. *Allen* (158 Tenn. 504) it appeared that Jones and Dillon, the owners of an automobile, procured a liability policy from the United States Fidelity & Guaranty Co. Thereafter they sold the car to one Neel but failed to comply with the statute requiring them to notify the County Clerk of the change of ownership and the car continued to be licensed in the name of the sellers. Three weeks after the completion of the transfer but before there had been any change in the license an accident occurred. Under the Tennessee statute, an action could be maintained against the owner and his insurance carrier. Suit was thereupon brought against Jones and Dillon, the United States Fidelity & Guaranty Co. and Neel, and a judgment recovered against all defendants. On appeal the question was raised as to the liability of both the former owners and their insurance carrier and both were held to be liable. The court there said (p. 508): "Since the policy of the law has been so plainly declared by the statutes referred to, we think neither Jones & Dillon nor their insurer can be permitted to denude themselves of liabiltiy for the negligent operation of an automobile which has been disposed of in a manner forbidden by law."

Plaintiff is entitled to a declaratory judgment declaring that under the terms of its liability insurance policy it is obligated to defend and indemnify Arthur Buckle and Harold Shoemaker from the claims of the defendants, William Guthiel, Robert Guthiel, Dorothy Guthiel, Albert Guthiel, Lillian Guthiel, Cheryl Guthiel, Janice Guthiel and George Greenlea, arising out of the accident of July 26, 1953; said judgment to be without costs as against any party.