[No. 33481. Department Two. May 16, 1957.]

JAMES LAWRENCE, *Appellant,* v. NORTHWEST CASUALTY
COMPANY, *Respondent.*[1]

[1]Reported in 311 P. (2d) 670.

*Frederick B. Cohen, John E. Bowen,* and *Kenneth J. Lewis,* for appellant.

*Rode, Cook, Watkins & Orth* and *William R. Thomas,* for respondent.

ROSELLINI, J.—The plaintiff, who conducts a grocery business in Bremerton, was issued by the defendant a policy of liability insurance containing the following provisions which are pertinent to this action:

"Coverage A. To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury . . . sustained by any person, caused by accident and arising out of [certain enumerated hazards]. . . .

"As respects the insurance afforded by the other terms of this policy the Company shall:

"(a) defend any suit against the Insured alleging such injury . . . and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the Company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient;

. . .

"C. (4) Assault and Battery. Assault and battery shall be deemed an accident unless committed by or at the direction of the Insured."

On or about October 18, 1951, a certain Kindelspire and wife brought an action against Lawrence, the plaintiff in this action. The complaint alleged that Lawrence, in his grocery store, had committed an assault and battery upon the person of Kindelspire with a tear gas projector. The case was tried

before a jury which was unable to agree upon a verdict, and a mistrial was declared. This occurred during the last week of March, 1952.

Thereafter, the Kindelspire complaint was amended to allege that the injury had been inflicted carelessly and negligently as well as willfully and intentionally. The case was again tried before a jury on March 11, 12, and 13, 1953, and a verdict was rendered in favor of Lawrence. On appeal, the judgment on the verdict was affirmed.

Throughout these proceedings, the defendant, Northwest Casualty Company, refused to accept the defense of its insured, who engaged the services of Frederick J. Cohen and John E. Bowen, Bremerton attorneys. After the second trial, and while the appeal was pending, they submitted to the defendant a copy of a bill for their services in the total amount of $6,500, plus costs.

The original complaint in this action asked for a declaratory judgment declaring the rights of the parties under the contract of insurance. A demurrer to this complaint was sustained on March 6, 1953. After the appeal in *Kindelspire v. Lawrence*, 44 Wn. (2d) 722, 270 P. (2d) 477 was decided, the plaintiff in this action filed an amended complaint, asking judgment in the amount of $6,500 as attorneys' fees for the two trials and appeal in *Kindelspire v. Lawrence, supra,* plus the plaintiff's costs and disbursements.

Before the trial of this action, in accordance with the provisions of Rule 21 of Rules of Pleading, Practice and Procedure, 34A Wn. (2d) 82, the defendant submitted an offer of judgment, whereby it offered to allow judgment to be taken against it in the amount of $3,000, together with taxable costs then accrued. This offer was not accepted, and the case went to trial before the court on January 19, 1955. The court held that, under the terms of the policy, the defendant was liable for reasonable attorneys' fees and costs from the date the second complaint was served to the date the offer of judgment was served upon the plaintiff's attorneys. It found the sum of $1,500 to be a reasonable fee for the second trial and $750 to be a reasonable fee for handling the appeal. These amounts were added to the accumulated

costs, and judgment was entered in favor of the plaintiff in the amount of $2,895.94. Judgment was entered in favor of the defendant for its costs and disbursements accruing subsequent to January 8, 1954, the date the offer of judgment was served.

The answers to two questions will dispose of the assignments of error: (1) Whether, under the terms of the policy, the defendant was obligated to investigate and defend the claim against the plaintiff from the date of the occurrence on which it was based, or was obligated to defend only from the date of the filing of the complaint alleging negligence, and (2) whether the plaintiff was entitled to recover the fee charged him by his attorney or only a reasonable fee.

Regarding the first question, it is the contention of the plaintiff that the term "assault and battery," as used in the policy, is ambiguous, since it could mean either criminal or civil assault and battery; that, construing the policy in favor of the insured, it must be limited to criminal offenses; and therefore the injury which befell Kindelspire was not excluded from the terms of the policy. We cannot agree with this contention.

While it is true that if an insurance contract is fairly susceptible of two different interpretations, the one which is most favorable to the insured must be adopted, the rule has no application where the provisions of a policy are neither ambiguous nor difficult of comprehension. *Jeffries v. General Cas. Co. of America*, 46 Wn. (2d) 543, 283 P. (2d) 128. When construing the terms of an insurance policy, the court seeks to determine the intent of the parties, and the general rules governing the construction of contracts must be applied; and the court will give the language its popular and ordinary meaning, unless it is apparent from a reading of the whole instrument that a different or special meaning was intended or is necessary to avoid an absurd or unreasonable result. *Christensen v. Sterling Ins. Co.*, 46 Wn. (2d) 713, 284 P. (2d) 287.

If the purpose of the contract in question is considered, it is apparent that the parties could have had reference to nothing but a civil assault and battery. The policy

was issued to protect the plaintiff against claims for damages, not against prosecution for crimes. Such protection would, indeed, have been unlawful. The defendant undertook to defend such damage suits as might be brought against plaintiff by reason of accidents arising out of certain hazards. In defining the term "accident," an assault and battery committed by or at the direction of the plaintiff was excluded. The only reasonable construction to be placed upon the provision is that damage suits based upon assault and battery were excluded.

The next contention is that the defendant was obliged to investigate any occurrence reported to it by its insured, and that if such an investigation had been undertaken, the defendant would have ascertained the "true" state of affairs, that is, that the injury was the result of negligence rather than a willful tort. While it has no bearing on the interpretation of the contract, it is interesting to observe that, in view of the instructions given the jury in the trial of the second case, it cannot be known whether the jury returned its verdict for Lawrence because he and Kindelspire had both been negligent, or because Lawrence's actions constituted a justified assault. See *Kindelspire v. Lawrence, supra.*

■ The defendant's obligations to the plaintiff must be found in the pertinent provisions of the contract, which are clear and unambiguous. It undertook to "defend any suit against the insured, alleging such injury." The policy further provided that the company might make such investigation, negotiation, and settlement of any claim or suit as it should deem expedient. It is clear that the investigation of the occurrence was a matter which rested within the discretion of the defendant, and its obligation to the plaintiff arose only when suit was brought, alleging an accident arising out of negligence, which was within the terms of the policy. The trial court correctly held that the defendant's liability did not arise until the serving of the second complaint, which had been amended to include an allegation of negligence. In cases where similar policy provisions have

been construed, we have held that the insurer's liability to defend is to be determined by the allegations of the complaint filed against the insured. *Globe Nav. Co. v. Maryland Cas. Co.*, 39 Wash. 299, 81 Pac. 826; *Isaacson Iron Works v. Ocean Accident & Guarantee Corp.*, 191 Wash. 221, 70 P. (2d) 1026. See, also, annotation in 50 A. L. R. (2d) 458.

In regard to the second question, the plaintiff has furnished us with no authority for his proposition that since he is satisfied with the actual fee charged him by his attorneys, he is entitled to recover. The rule in cases of this kind is well settled. Where a policy contains a provision that the insurer will defend any suit brought against the insured, founded upon a claim which is covered by the policy, if the insurer fails to defend such an action, he is liable to the insured for expenses in a reasonable amount incurred by the latter in defense of the action. *Baumann v. Puget Sound Title Ins. Co.*, 184 Wash. 9, 49 P. (2d) 914; *Pontius v. American Motorists' Ins. Co.*, 158 Wash. 264, 290 Pac. 850; *McKenna v. International Indemnity Co.*, 125 Wash. 28, 215 Pac. 66; *Shafer v. United States Cas. Co.*, 90 Wash. 687, 156 Pac. 861.

The plaintiff offered no testimony that the fee charged him was reasonable other than that it was in line with fees which his attorneys charged other clients. The defendant's expert witness testified that an amount considerably less than that set by the trial court was reasonable for the services rendered. The plaintiff's attorneys did not attempt to segregate the fees for the first and second trials. Assuming that one half the amount claimed for the two trials was allocated to the second trial, their fee would be $2,500 or approximately $830 for each day of trial. The trial court considered the time spent in preparation, the experience and ability of the attorney, and the difficulty of the problems involved, and found that the fee charged was excessive and that $1,500 was a reasonable fee for the defense of the second suit, and $750 was reasonable for the appeal. The amount allowed by the court was within the range of testimony, and we are not inclined to disturb the finding.

█   The plaintiff makes some contention that the defendant is estopped to question the reasonableness of the fee, because its attorney failed to respond to the copy of the invoice sent to him. In answer to this, it is enough to say that, in this situation, among the elements of estoppel missing is the very important one of reliance. See *Krenov v. West Coast Life Ins. Co.*, 48 Wn. (2d) 180, 292 P. (2d) 209. There is no contention that the plaintiff changed his position because the defendant or its agent failed to act, or that he suffered any damage as a result of this inaction.

We find no error; hence, the judgment is affirmed.

HILL, C. J., SCHWELLENBACH, DONWORTH, and FOSTER, JJ., concur.

August 20, 1957. Petition for rehearing denied.

[1]Reported in 311 P. (2d) 655.