[No. 34299. Department Two. March 6, 1958.]

VICTOR LESAMIZ *et al., Appellants,* v. LAWYERS TITLE INSURANCE CORPORATION, *Respondent.*[1]

*John Hancock,* for appellants.

*Johnson & Johnson* and *Croson, Johnson & Wheelon,* for respondent.

HUNTER, J.—This is an appeal by Victor and Golden Lesamiz, husband and wife, from an order of the trial court sustaining a demurrer to their complaint and dismissing their cause of action when they refused to plead further. Although his wife was made a party to all proceedings referred to in this opinion, for the purpose of clarity, Victor Lesamiz will be referred to herein as though he were the sole member of the community involved.

In his complaint, Victor Lesamiz alleged that, on November 12, 1954, he sold certain timber to the Landreth Timber Company which he believed he owned; that on November

[1] Reported in 322 P. (2d) 351.

18, 1954, he was informed by the Landreth Timber Company that the Biles-Coleman Lumber Company had requested it to stop cutting and removing the timber for the reason that it (Biles-Coleman Lumber Company) claimed *title* and *ownership* of the timber in question; that on the. following day, November 19, 1954, without disclosing this information, he purchased a policy of title insurance from the Okanogan County Abstract Company, an agent for the defendant Lawyers Title Insurance Corporation. The policy issued by the defendant showed clear record title in the plaintiff and insured him against loss or damage not exceeding thirty thousand dollars.

On December 17, 1954, the Biles-Coleman Lumber Company instituted an action against Victor Lesamiz in which it claimed title to the timber situated on the premises covered by the title insurance policy, and sought to quiet title in its name and reformation of a recorded deed.

On December 23, 1954, Lesamiz caused the defense of that action to be tendered to the Lawyers Title Insurance Corporation, contending the same came within the coverage of the title policy. He specifically relied upon the following provision:

"NOTICE OF DEFECT, SUIT OR ACTION: The Company *will* and *shall* have the right, at its own cost, to defend the Insured in all *suits, actions* or proceedings founded upon *a claim of title*, incumbrance or defect which existed or is claimed to have existed prior in date to this policy and *not excepted herein*; . . ." (Italics ours.)

The insurer refused to accept the defense of that action on the ground that the insured had notice of the claim, which was not of record, prior to when he secured the title policy, and that, therefore, the action on such a claim was *one excepted* in Schedule B of the policy, which provides in part as follows:

"This policy does not insure against:
"
. . .

"2. Rights or claims of persons in possession or claiming to be in possession, not shown of record; rights claimed under instruments of which *no notice is of record* and *rights or claims based upon facts of which no notices are of*

*record but of which the insured has notice;* . . ." (Italics ours.)

As a result of this refusal by the insurer, Lesamiz was required to defend the action himself, which he did successfully in the superior court of Okanogan county. The judgment was affirmed by this court on appeal in *Biles-Coleman Lbr. Co. v. Lesamiz,* 49 Wn. (2d) 436, 302 P. (2d) 198 (1956).

Thereafter, he commenced this action against the Lawyers Title Insurance Corporation for the expenses of his defense, which he alleged were incurred by reason of the defendant insurer's failure to defend the action in accordance with the provision of the title policy.

The trial court sustained the defendant's demurrer to the complaint and dismissed the plaintiff's action when he refused to plead further. This appeal followed.

Appellant argues: (1) The complaint on its face shows he had no knowledge of *the facts* upon which the Biles-Coleman Lumber Company based its claim to the timber; (2) there was no duty on the appellant to disclose to the respondent the claim of the Biles-Coleman Lumber Company to the timber in the absence of his knowledge of the facts upon which the claim was based; (3) the dismissal of the action brought by Biles-Coleman Lumber Company was an adjudication that there were no facts upon which its claim was based.

We are unable to agree with the appellant's rationale.

Standing alone, the pertinent portion of the exclusionary clause relied upon by the respondent when it refused to defend the *Biles-Coleman* case, *supra,* reads as follows: "rights or claims based upon facts of which no notices are of record, but of which the insured has notice." This case turns upon the meaning of the language *"rights or claims based on facts."* Is this ambiguous? Not unless the word *"facts"* raises an ambiguity in itself. The word is neither qualified nor limited. Anything constituting a fact, whatever the category may be, is embraced within the plain and ordinary meaning of the word.

The word "fact" is defined in 2 Bouvier's Law Dictionary (3d Rev.) 1176, in part: "An action; a thing done. A circumstance."

In Webster's New International Dictionary (2d ed.), 1954, "fact" is defined in part as:

"The assertion or statement of a thing done or existing; sometimes, loosely, by a transfer of meaning; the thing supposed (even though falsely) to be done or to exist; a thing supposed or asserted to be done."

■ In *Selective Logging Co. v. General Cas. Co.*, 49 Wn. (2d) 347, 301 P. (2d) 535 (1956) we stated:

"It is the established rule in this state that, where a provision of a policy of insurance is capable of two meanings, or is fairly susceptible of two different constructions, that meaning and construction most favorable to the insured must be applied, even though the insurer may have intended another meaning. . . .

"*It is equally the well-settled rule that a word used in the insurance contract is to be construed in its ordinary signification.* Port Blakely Mill Co. v. Springfield Fire & Marine Ins. Co., 59 Wash. 501, 110 Pac. 36, 28 L. R. A. (N.S.) 596; Kane v. Order of United Commercial Travelers of America, supra; Christensen v. Sterling Ins. Co., 46 Wn. (2d) 713, 284 P. (2d) 287." (Italics ours.)

See, also, *Lawrence v. Northwest Cas. Co.*, 50 Wn. (2d) 282, 311 P. (2d) 670 (1957).

■ The word "facts" as used in the policy is not ambiguous, and, therefore, its ordinary meaning applies.

The claim to the timber was based upon *the assertion of title and the assertion of ownership* by the Biles-Coleman Lumber Company. This assertion of a thing to exist (title and ownership) was a *fact* within the clear meaning of the word. The appellant had knowledge of these facts and had the duty to disclose them to the respondent's agent when he made application for the policy, to avoid the exclusionary clause thereof. If the appellant had made this disclosure, the insurer would then have been given the opportunity to make its investigation of the *asserted facts of title and ownership*, and determine whether to assume the risk of insuring the appellant's record title against the claim of the

Biles-Coleman Lumber Company. However, as previously stated, the appellant did not disclose these facts to the respondent's agent; therefore, when Biles-Coleman Lumber Company instituted its action against the appellant, the action was one clearly within schedule B of the title policy and excused the respondent from defending the same.

We conclude that the appellant's entire argument is predicated on the false premise that the word "facts" as used in the exclusionary clause of the title policy, was limited to facts which would support a valid title or right of ownership. No such restriction on the meaning of the word can be found in the policy. The success or failure of Biles-Coleman Lumber Company in the prosecution of its claim was, therefore, of no consequence.

The order of the trial court is affirmed.

HILL, C. J., DONWORTH, ROSELLINI, and FOSTER, JJ., concur.