[No. 14753. Department Two. October 14, 1918.]

WILLIAM B. CLARK *et al., Respondents,* v.
JOHN B. SCHWAEGLER *et al.,*
*Appellants.*[1]

APPEAL (387)—REVIEW—ESTOPPEL TO ALLEGE ERROR—WITHDRAWAL OF OBJECTIONS. Error cannot be assigned upon the admission of evidence objections to which were expressly withdrawn.

ATTORNEY AND CLIENT (44)—COMPENSATION—ACTIONS—EVIDENCE —ADMISSIBILITY. In an action to recover the reasonable value of services of attorneys in a trial, the files and records in the cause are competent, whether they were sole attorneys in the cause or not.

CORPORATIONS (154)—POWERS AND LIABILITIES—REPRESENTATION— PERSONS HOLDING ENTIRE STOCK. A contract employing attorneys to defend an action for divorce, involving property held by a corporation organized by husband and wife for convenient handling, the defendant holding all but one share of the stock, need not be signed by the corporation, in order to authorize recovery against the husband and the corporation; since the corporate entity may be ignored in determining the rights of the stockholders.

Appeal from a judgment of the superior court for Yakima county, Holden, J., entered November 19, 1917, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on contract. Affirmed.

*H. J. Snively,* for appellants.

*Clark & Lockhart,* for respondents.

[1]Reported in 175 Pac. 300.

PER CURIAM.—Respondents recovered judgment in the court below for attorney's fees for services rendered to the appellants. It is alleged that they were employed to assist in the defense of a divorce case brought by the wife of appellant John B. Schwaegler. The parties to that case owned valuable real and personal property, and a corporation was organized to take and hold title to the real estate. The husband owned all the stock except one share owned by the wife. The husband was president and general manager and the wife was secretary. Both acted as trustees. The trial judge ignored the corporate entity and divided the property as though held by the husband individually, and directed that the officers of the corporation make all necessary conveyances to carry out the provisions of his decree. The services alleged to have been rendered ran over a period from about January, 1915, until the time of settlement and division of the property between the husband and the wife, which occurred on October 30, 1916. Respondents sued on *quantum meruit*. Appellants defended, setting up that respondent Clark was employed to sit in the trial at fifty dollars per day for an express purpose; that they had employed another attorney, who had entire charge of the litigation and drew the pleadings and handled the case; and that no real service was rendered by the respondents.

Appellants assign that the court erred (1-7) in admitting plaintiffs' exhibits I, J, K, L, O, P, and Q; (8) in denying defendants' motion for nonsuit, and (9-10) in giving instructions Nos. 10 and 12. The first six exhibits were letters written by respondents to appellants. The following occurred at the trial: "Mr. Snively: 'I am going to withdraw my objections to all these letters.' The Court: 'Very well, they will all be received then.' Whereupon exhibits I, J, K, L, O, and

P were admitted in evidence.'' This disposes of these assignments of error. Exhibit Q is the record in the divorce case. The files in an action wherein the services of an attorney were rendered are admissible to show their nature and value. In *Thorp v. Ramsey,* 51 Wash. 530, 99 Pac. 584, the court said:

"The files and records in a cause are entirely competent and proper for the consideration of the court and jury in an action to recover the reasonable value of services performed by an attorney in such cause; and this, whether the attorney was the sole attorney in the cause or not."

The court properly instructed the jury for what purpose this exhibit was admitted, and we must presume that the jury followed the court's instruction.

Appellants urge in support of their motion for nonsuit that respondents sued upon a joint contract and that there was no proof of employment by the corporation. There is no merit in this contention. The court had properly held that the corporation was a nominal thing, that the real controversy was between husband and wife, and that the corporation had been organized for the more convenient handling of their property. This being so, it was not necessary to prove an express contract by the corporation. The case in this respect falls squarely within the principle announced in *Boothe v. Summit Coal Min. Co.,* 55 Wash. 167, 104 Pac. 207, where, in determining the rights of stockholders in a corporation controlled by two men in equal degree, we ignored the general law as it applies to corporations and held the parties to their rights and obligations as individuals.

There is complaint as to instructions Nos. 10 and 12, but we think they were proper under the issues, evidence and the pleadings.

The judgment of the trial court is affirmed.