[No. 33549. Department Two. July 3, 1956.]

W. G. PLATTS, INC., *Appellant*, v. BEATRICE I. PLATTS, *Respondent*.[1]

*Wright, Booth & Beresford*, for appellant.

*Olson, Palmer & McArdle*, for respondent.

HILL, J.—The corporation, W. G. Platts, Inc., sought to have a lien removed from certain of its real property, and to recover damages from Beatrice I. Platts for placing the lien thereon. From a judgment dismissing its action, plaintiff appeals.

The trial court found that the lien was not placed upon the property by Beatrice I. Platts, but by the superior court for Yakima county as part of a divorce decree to secure the payment by Willard G. Platts of seventy-five hundred dollars awarded by that decree to Beatrice I. Platts. It found, further, that the placing of the lien upon the corporation's property was at the suggestion of counsel for Willard G.

[1] Reported in 298 P. (2d) 1107.

Platts in the divorce trial, and for the purpose of permitting Willard G. Platts additional time for payment of the award.

Plaintiff corporation argues that the trial court in the divorce action misinterpreted a statement made by counsel for Willard G. Platts. The parties agree that counsel suggested a lien on the "property here in Yakima," and that, in addition to the real property owned by the corporation, there was in Yakima a home property which had cost Willard G. Platts eight thousand dollars and which was his separate property; and it is that property that the plaintiff corporation claims counsel had in mind when referring to the "property here in Yakima."

The statement of facts in the divorce case was an exhibit in the present case. The trial court in the case at bar was convinced, and we think properly so, that the trial court in the divorce action believed that counsel was referring to the property standing in the name of the corporation in addition to the residential property. If the trial court in the divorce action misinterpreted the statement made by counsel, that misinterpretation was evident from the findings of fact, conclusions of law, and judgment thereafter presented. Nothing was said or done to call any such misinterpretation to the attention of the trial court in that action, or to the attention of this court when Willard G. Platts appealed from the divorce decree. We here quote one of the findings of the trial court in this case:

" . . . That Willard G. Platts and his counsel . . . were fully advised prior to the entry of said divorce decree and the signing of the findings of fact and conclusions of law as to their contents; that neither Willard G. Platts nor his attorneys appeared or objected to the entry of said findings of fact and judgment impressing a lien upon . . . the property standing in the name of the plaintiff corporation." Finding of fact No. 4.

We are satisfied that the evidence sustains the trial court in the present action in its findings that counsel for Willard G. Platts in the divorce action "suggested the impression of a lien on real property . . . standing in the name of the plaintiff corporation," i.e., W. G. Platts, Inc.

Of a certainty, Willard G. Platts is in no position to ask any relief of this court or any court for any inconvenience or loss the placing of the lien on the corporate property may have caused *him*.

The action to set aside the lien and for damages is on the theory that W. G. Platts, Inc., was not a party to the divorce action and no lien could be placed on its property in that action. That would be true if W. G. Platts, Inc., was not at the time of the imposition of the lien the *alter ego* of Willard G. Platts, and if the interests of justice did not require that the court disregard the corporate entity. The trial court found:

"That Willard G. Platts purchased the fuel business property in 1947 in Yakima . . . ; that at said time the fuel business property included the land upon which the liens involved in this action were impressed; that . . . during the years 1948, 1949 and 1950, Willard G. Platts operated said fuel business as a sole proprietor under the name Independent Fuel Company; that early in 1951 he organized the plaintiff corporation, W. G. Platts, Inc., to which he conveyed the fuel business and fuel business property, receiving in exchange therefor 673 of the 675 shares of stock of said corporation; that the other two shares of stock were issued, one share each to Cora Platts, his mother, and to Lawrence G. Platts, his brother . . . That at the time of the trial of said divorce action . . . and at the time the court announced its decision therein, Willard G. Platts was the owner of 99.7% of the stock of W. G. Platts, Inc., the plaintiff corporation herein; that further he was practically and entirely in control of the business and affairs of said corporation and that the corporation was in the complete control and domination of . . . Willard G. Platts; that the corporation was in fact the alter ego of Willard G. Platts, . . ." Finding of fact No. 5.

"That at the time of the entry of the divorce decree, Judge Barnett [the trial judge in the divorce action] in fixing the lien against the corporate property, considered the matter of substantial identity of Mr. Platts and the corporation and in effect pierced the corporate veil, holding that the corporation was the alter ego of Mr. Platts." Finding of fact No. 7.

"That at the time of said divorce action and upon the appeal all of the corporate property and the individual prop-

erty of Willard G. Platts were considered by both court and counsel as being the property of Willard G. Platts, . . ." Finding of fact No. 6.

The brief of Willard G. Platts on his appeal in the divorce proceeding was clearly admissible as an exhibit in the present case to demonstrate that both he and his counsel (not the present attorneys for the corporation), while protesting the amount awarded to Beatrice I. Platts by the divorce decree, did not complain about the lien placed on the corporate property to secure the payment thereof.

The trial court in the present action further found

". . . that since he [Willard G. Platts] as the owner and holder of virtually the entire stock of plaintiff corporation knowingly acquiesced in the fixing of the lien against the corporation properties in the divorce action, the corporation should be deemed in law to have likewise consented thereto." Finding of fact No. 5.

The finding that the corporation was the *alter ego* of Willard G. Platts and all the other findings are based upon undisputed facts and inferences which the trial court in this action was entitled to draw therefrom, although Willard G. Platts did deny that he "knowingly acquiesced" in the fixing of the lien against the corporate property in the divorce action, stating that he first learned of the lien in April or May of 1954. The trial court in the present case did not believe Mr. Platts' testimony attempting to place the onus of such acquiescence upon the attorneys who represented him in the divorce action, and it seems incredible to us that he knew nothing of the lien being made part of the decree.

The corporation seems to make a point of the fact that a change in stock ownership dates from March 10, 1954, and antedates the decree imposing the lien.

March 9, 1954, was the date on which the suggestion of the lien upon the corporate property was made in the divorce proceeding. The trial court in the present case found

". . . that for many months prior to the institution of said divorce action, and prior to the trial thereof, the plaintiff corporation was indebted unto . . . Cora Platts and Lawrence W. Platts, the former in the amount of $1900.00,

and the latter in the sum of $2500, on account of moneys which each of said shareholders had loaned to the plaintiff corporation. . . . " Finding of fact No. 2.

One day later, March 10, 1954, there was a stockholders' meeting of W. G. Platts, Inc. The trial court found that at that meeting

" . . . it . . . was proposed, by . . . Willard G. Platts, that Cora Platts and Lawrence W. Platts take and accept treasury stock of the plaintiff corporation in satisfaction of the amounts of their respective loans made to the corporation and the corporation's indebtedness to them; that said proposal was submitted at the combined meeting of the plaintiff's shareholders, stockholders and directors, and Cora Platts agreed to accept 19 shares of the plaintiff's treasury corporate stock in satisfaction of her indebtedness, and Lawrence W. Platts agreed to accept 25 shares of said treasury stock in satisfaction of the indebtedness due him; that in pursuance thereto, and on March 10, 1954, separate certificates of stock to said shareholders or stockholders were prepared and delivered to each of them respectively in said amounts, and the issued and outstanding stock of plaintiff corporation was increased accordingly; . . . and at the time of the entry of the decree of divorce . . . Cora Platts was the owner of 20 shares, and L. W. Platts was the owner of 26 shares of the corporate stock of the plaintiff corporation, and Willard G. Platts continued to own and hold 673 shares thereof, and such has been the status of the issued and outstanding stock of plaintiff corporation since March 10, 1954." Finding of fact No. 2.

We find nothing in the record indicating that the change in stock ownership in any way changed the domination and control of the corporation by Willard G. Platts; and we cannot see that it affected in any way the right of the trial court in the divorce action to disregard the juridical concept of corporate existence and to impose a lien on the corporate property to secure the payment of the seventy-five hundred dollar obligation of Willard G. Platts to Beatrice I. Platts. Cora Platts and Lawrence W. Platts are not alleging any damages or asking for any relief, and the latter was not even present at the trial.

Because the interests of justice require it, the judi-

cial disregard of the corporate entity by the trial court was warranted in the divorce action and, entirely apart from any concept of *res judicata*, is warranted in the present action. In *Platt v. Bradner Co.* (1924), 131 Wash. 573, 579, 230 Pac. 633, we said:

"When one corporation so dominates and controls another as to make that other a simple instrumentality or adjunct to it, the courts will look beyond the legal fiction of distinct corporate existence, as the interests of justice require; and where stock ownership is resorted to not for the purpose of participating in the affairs of the corporation in the customary and usual manner, but for the purpose of controlling the subsidiary company so that it may be used as a mere agency or instrumentality of the owning company, the court will not permit itself to be blinded by mere corporate form, but will, in a proper case, disregard corporate entity, and treat the two corporations as one."

With Willard G. Platts substituted for the dominating and "owning" corporation, the language would be peculiarly applicable in the instant case.

A situation which, factually, is very close to the present case is described in *Clark v. Schwaegler* (1918), 104 Wash. 12, 175 Pac. 300. It appears that the defendant, Schwaegler, had been president and general manager of a corporation, and held all the stock except the qualifying shares, one of which was held by his wife. The wife had sued for divorce, and, in making a property settlement, the trial court had ignored the corporate entity and divided the property "as though held by the husband individually," directing the officers of the corporation, which was not a party to the proceeding, to make all necessary conveyances. The case before this court involved a suit for attorneys' fees growing out of the divorce action; however, this court, in a dictum relating to the divorce action, stated:

"The court had properly held that the corporation was a nominal thing, that the real controversy was between husband and wife, and that the corporation had been organized for the more convenient handling of their property."

We recognize that community property was involved therein, and that here the corporation and its property had

been the separate property of Mr. Platts, but the principle involved is the same. If the interests of justice require the court to disregard the entity concept for the purpose of a division of property, it is able to do so for the purpose of imposing a lien as security for the payment required by the divorce decree.

Not only did Willard G. Platts control and use the corporation as a tool or instrumentality for carrying out his own plans and purposes, but he acquiesced in and consented to the divorce decree. To permit the corporation now to repudiate his and consequently its acquiescence in the imposition of a lien upon the corporate property, and to say that it should not be bound thereby, would be unconscionable and a denial of justice. It would likewise, in a sense, be a fraud upon the court in the divorce proceeding, as evidenced by testimony in the present proceeding by counsel for Mr. Platts in the earlier proceeding, to the effect that they did not want to object to the now-challenged provision in the divorce decree for fear more onerous terms would be imposed upon their client.

The corporation urges that no injustice has been done Beatrice I. Platts, because even if no lien had been imposed she could have collected the amount awarded her by the divorce decree from Willard G. Platts by suit upon the supersedeas bond given when he appealed from that decree. Her counsel seem to regard her right to avail herself of that remedy in some degree uncertain under existing conditions, and as to that we express no opinion. In any event, it could not have been known, when the divorce decree was entered, that there would be a supersedeas bond; and the fact that payment of the award has not been made by Willard G. Platts furnishes ample evidence that some means of enforcing payment thereof was and is necessary.

The judgment is in all respects affirmed.

HAMLEY, C. J., MALLERY, WEAVER, and ROSELLINI, JJ., concur.