956 F.2d 1168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank W. STAMOS; Lorna D. Stamos, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 91-70121.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 26, 1992.*
Decided March 4, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank and Lorna Stamos appeal pro se the tax court's order upholding the Commissioner of Internal Revenue's ("CIR") determination of deficiencies and additions to tax for tax years 1981 through 1984. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The Stamoses failed to file federal income tax returns for tax years 1981 through 1984. The Internal Revenue Service ("IRS") issued the Stamoses notices of deficiency and additions to tax for those years. The Stamoses filed petitions in the tax court for a redetermination of the deficiencies and additions to tax for the years in question. The tax court upheld the CIR's determination of deficiencies and additions to tax. The Stamoses filed a petition for rehearing which the tax court denied. The Stamoses timely appealed the tax court's decision upholding the CIR's determination of deficiencies and additions to tax.
 
 
 4
 The Stamoses assert that the IRS's notices of deficiency were invalid because the IRS district director lacked the proper delegated authority to issue them. The Stamoses contend that under the Administrative Procedures Act, 5 U.S.C. § 551 et seq., all delegations of authority must be published in the Federal Register to be valid. Thus, the Stamoses contend, the government's failure to publish in the Federal Register those Treasury Delegation Orders ("TDOs"), which delegate the Secretary's power to administer the tax laws to the CIR or his delegates, deprives the IRS and its officers of the authority to issue notices of deficiency. This contention is meritless.
 
 
 5
 The Federal Register Act, 44 U.S.C. §§ 1501-1511, does not mandate the publication of TDO's, and consequently, we have held that the government's failure to publish them does not affect the validity of the Secretary's delegation of authority to the CIR. See United States v. Saunders, 951 F.2d 1065, 1067-68 (9th Cir.1991) (citations omitted).
 
 
 6
 Next, the Stamoses contend that the notices of deficiency issued to them are invalid because they represent an assessment of an unpaid estimated tax. The Stamoses point to section 6201(b)(1) of the Internal Revenue Code ("Code") which provides in relevant part that "[n]o amount of unpaid estimated tax under section 6153 or 6154 shall be assessed." See 26 U.S.C. § 6201(b). This contention is also meritless.
 
 
 7
 The notices of deficiency are not based on unpaid estimated taxes, and thus, the Stamoses reliance on section 6201(b)(1) is misplaced. Instead, the CIR computed the Stamoses tax deficiencies using substitute returns pursuant to the statutory authority granted in section 6020(b) of the Code. Section 6020(b) provides: "If any person fails to make any return required by any internal revenue law or regulation, ... the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise." 26 U.S.C. 6020(b); See Roat v. CIR, 847 F.2d 1379, 1882 n. 1 (9th Cir.1988). Such returns are "prima facie good and sufficient for all legal purposes." See 26 U.S.C. § 6020(b).[1]
 
 
 8
 We do not consider the issue of whether the tax court properly imposed sanctions on the Stamoses under section 6673 of the Code for bringing an action primarily for delay because the Stamoses do not raise the issue on appeal. See Wilcox v. CIR, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988).
 
 
 9
 We have discretion to impose sanctions against litigants, even pro se, for bringing frivolous appeals. See Fed.R.AppP. 38; 28 U.S.C. 1912; Wilcox v. CIR, 848 F.2d 1007, 1008-09 (9th Cir.1988). "An appeal is frivolous when the result is obvious or the arguments of error are wholly without merit." Swimmer v. IRS, 811 F.2d 1343, 1345 (9th Cir.1987). The Stamoses' arguments of error are wholly without merit. Accordingly, we impose sanctions against the Stamoses in the amount of $1500.00.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny the petitioners' request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On January 6, 1992, the Stamoses filed a "Motion to Overturn Agency Orders and Declare Appellees Actions Void For Want of Jurisdiction."
 In their motion, the Stamoses argue that the tax court lacked jurisdiction to enter its decision because the statutory authority relied upon by the IRS, including sections 6651, 6653, 6203, and 6020(b), relate only to a tax liability involving alcohol, tobacco, or firearms. The Stamoses assert that because they have not been involved in any taxable activity related to the sale of alcohol, tobacco, or firearms, the order and decision of the tax court is invalid. None of the statutory provisions cited by the Stamoses are limited to activity connected with the sale of alcohol, tobacco, or firearms. Moreover, we note that in a prior appeal to this court the Stamoses raised a variation of this argument which we found frivolous. See Stamos v. United States, 900 F.2d 263 (9th Cir.1990). The motion is denied.