

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-35635 |
| Plaintiff - Appellee, | D.C. No. 2:07-cv-00355-RHW |
| v. | |
| DANIEL R. BLACK; MAIRE E. BLACK, AKA Marie Black; BC TRUST; CHELAN COUNTY TREASURER; SUMMER HILL FREEDOM TRUST, AKA Summer Hill Orchard Trust, | MEMORANDUM* |
| Defendants, | |
| WILLIAM SHOENMAKER, | |
| Trustee, | |
| and | |
| HOPE SPRINGS CORPORATION SOLE, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-35647 |
| Plaintiff - Appellee, | D.C. No. 2:07-cv-00355-RHW |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

DANIEL R. BLACK; MAIRE E. BLACK,
AKA Marie Black,

            Defendants - Appellants,

HOPE SPRINGS CORPORATION SOLE;
BC TRUST; SUMMER HILL FREEDOM
TRUST, AKA Summer Hill Orchard
Trust; CHELAN COUNTY
TREASURER,

            Defendants,

  and

WILLIAM SHOENMAKER,

            Trustee.

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Submitted May 7, 2012[**]
Seattle, Washington

Before: GOULD, BYBEE, and BEA, Circuit Judges.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Taxpayers Daniel R. and Maire E. Black ("the Blacks") and Hope Springs Corporation Sole ("Hope Springs") appeal the district court's orders dismissing the Blacks' motion to dismiss and granting summary judgment in favor of the government in the government's action to reduce the Blacks' tax liabilities to judgment and foreclose tax liens against certain real properties. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review the existence of subject matter jurisdiction, and the district court's grant of summary judgment, de novo. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009); *Ingham v. United States*, 167 F.3d 1240, 1243 (9th Cir. 1999).

The Blacks and Hope Springs raise several challenges to the government's actions in bringing this suit. None has merit.

First, the district court correctly concluded that the government had proper authorization to bring suit pursuant to 26 U.S.C. §§ 7401 and 7403.[1] The government produced a May 4, 2006 letter from the IRS Office of Chief Counsel

---

[1] Section 7401 states, "No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced." 26 U.S.C. § 7401. Section 7403 states that "the Attorney General or his delegate, at the request of the Secretary, may direct a civil action" to enforce a lien or subject property to payment of a tax. *Id.* § 7403(a).

3

requesting the Department of Justice to file an action against the Blacks, and the U.S. Attorney for the Eastern District of Washington, a "delegate" of the Attorney General, filed the complaint in this case. *See* 26 U.S.C. § 7401; *United States v. Kent*, 649 F.3d 906, 915 (9th Cir. 2011); *Palmer v. IRS*, 116 F.3d 1309, 1311 (9th Cir. 1997). The district court correctly rejected the Blacks' challenge to its subject matter jurisdiction. *See Palmer*, 116 F.3d at 1311.

Second, we reject as frivolous the Blacks' contentions that they are not taxpayers and that the tax assessments against them are unconstitutional because they are direct taxes without apportionment and/or excise taxes to which the Blacks cannot be subject, and unlawful because the Blacks have not engaged in any activities related to alcohol, tobacco, or firearms for which they can be taxed. *See Stamos v. Comm'r*, No. 91-70121, 1992 WL 45780, at *2 n.1 (9th Cir. 1992) (unpublished); *In re Becraft*, 885 F.2d 547, 548–49 & n.2 (9th Cir. 1989); *United States v. Buras*, 633 F.2d 1356, 1361 (9th Cir. 1980).

Third, the IRS was not required to send a notice of assessment and demand for payment on Form 17. *See Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (per curiam). Copies of Forms 4340 show that the IRS gave the Blacks notice of their unpaid tax liabilities, stating the amounts and demanding payment

4

thereof, and thus met the requirements of 26 U.S.C. § 6303(a). *See Hansen*, 7 F.3d at 138.

Fourth, the tax assessments against the Blacks were not "naked assessments" but rather were based on bank deposits, real estate transactions, and late-filed tax returns, and were entitled to a presumption of correctness that the Blacks did not rebut. *See United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002); *Palmer*, 116 F.3d at 1312–13. Federal tax liens arose on the Blacks' property and rights to property at the time the assessments were made. 26 U.S.C. §§ 6321, 6322.

Fifth, the Blacks' 2001 Chapter 7 bankruptcy did not discharge their tax liabilities because, for the tax years in question, the Blacks either did not file a return or filed a late return "after two years before the date of the filing of the [bankruptcy] petition." 11 U.S.C. § 523(a)(1)(B)(i)–(ii).[2]

Sixth, the district court did not violate the Blacks' due process rights by denying their motion to compel discovery. The district court correctly concluded

---

[2] Pursuant to § 523(a)(7)(B), certain tax penalties assessed against the Blacks were discharged in bankruptcy. *See McKay v. United States*, 957 F.2d 689, 693 (9th Cir. 1992). But, as the district court held, the discharge only relieved the Blacks from personal liability for the penalties; the tax liens on their property remained enforceable after the discharge. *Dewsnup v. Timm*, 502 U.S. 410, 417–18 (1992); *In re Isom*, 901 F.2d 744, 745 (9th Cir. 1990).

5

that the government tried in good faith to respond to the Blacks' discovery requests and that the outstanding discovery requests were immaterial or irrelevant.

The Blacks and Hope Springs also contend that the district court improperly foreclosed the tax liens against Parcels A, B, C, and D because the properties were owned by Hope Springs, not the Blacks. We disagree.

The tax liens attached to "all property and rights to property" belonging to the Blacks, including property held by an alter ego of the Blacks. 26 U.S.C. § 6321; *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 350–51 (1977). We look to Washington law to determine if Hope Springs is the Blacks' alter ego. *See Drye v. United States*, 528 U.S. 49, 58 (1999); *Wolfe v. United States*, 798 F.2d 1241, 1244 n.3 (9th Cir.), *amended by* 806 F.2d 1410 (9th Cir. 1986). Washington courts recognize the "alter ego" doctrine and have held that piercing the corporate veil is appropriate if an individual "so dominates and controls a corporation that such corporation is [his or her] alter ego" and "the corporate form has been intentionally used to violate or evade a duty." *Rapid Settlements, Ltd. v. Symetra Life Ins. Co.*, 271 P.3d 925, 930 (Wash. Ct. App. 2012) (internal quotation marks omitted); *accord Morgan v. Burks*, 611 P.2d 751, 755 (Wash. 1980); *W.G. Platts, Inc. v. Platts*, 298 P.2d 1107, 1109–11 (Wash. 1956); *Pohlman Inv. Co. v. Va. City Gold Mining Co.*, 51 P.2d 363, 368 (Wash. 1935).

6

We conclude that there is no genuine dispute of material fact that the Blacks "so dominate[d] and control[led]" Hope Springs that it was their alter ego, and intentionally used the corporate form to evade their duty to pay taxes. *Pohlman*, 51 P.2d at 368 (internal quotation marks omitted); *see Morgan*, 611 P.2d at 755–56.

In his capacity as overseer, Daniel Black had complete authority over Hope Springs and control over Parcels A, B, C, and D. The Blacks have lived in a house on one of the parcels since 1981 and do not pay rent. Hope Springs's "office" is located in the Blacks' house. The Blacks operate an engineering business, Techni-Systems, LLC (formerly Techni-Systems Trust) and an orchard on the properties. No one moved on or off the properties after the transfer to Hope Springs, nor did the engineering business's operations change. Hope Springs leases all four parcels to Summerhill Supply, LLC, another entity managed and controlled by the Blacks, and Summerhill Supply subleases part of Parcel B to Techni-Systems. The Blacks control the income from Techni-Systems and the orchard, and before March of 2009, they commingled that income and Hope Springs funds and had exclusive access to Hope Springs's bank account. Maire Black testified that other than Daniel and herself, no individual has ever controlled the orchard or any of the rental property on Parcels A, B, C, and D. There was "such a commingling of

7

property rights [and] interests as to render it apparent that [the Blacks and Hope Springs were] intended to function as one." *J.I. Case Credit Corp. v. Stark*, 392 P.2d 215, 218 (Wash. 1964).

Moreover, the Blacks created Hope Springs and transferred the properties just three months after the IRS filed notices of tax liens against them. Hope Springs paid no consideration for the properties, *see* Wash. Admin. Code § 458-61A-103(2), and after the transfer the Blacks had no assets to satisfy their tax liabilities. On these facts, "the interests of justice" require disregard of the corporate entity to prevent the Blacks from evading their duty to pay taxes. *See W.G. Platts*, 298 P.2d at 1110.

Because we conclude as a matter of law that Hope Springs was the Blacks' alter ego, we need not decide whether Hope Springs was the Blacks' nominee or whether the Blacks fraudulently conveyed Parcels A, B, C, and D to Hope Springs. The district court's summary judgment for the government and the foreclosure of the tax liens on the properties were proper.

**AFFIRMED.**