# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Marriage of<br>GARY RICHARDSON, | ) ) ) ) | No. 71831-2-I |
| Respondent/Cross-Appellant, | ) ) | DIVISION ONE |
| and | ) ) | |
| LILY FU, | ) ) | UNPUBLISHED OPINION |
| Appellant/Cross-Respondent. | ) ) ) | FILED:  June 8, 2015 |

LAU, J. — A trial court in a marital dissolution action has authority to enforce a valid CR 2A agreement in response to a spouse's efforts to evade her obligation to transfer real property by placing title in the name of an alter ego that she controls. We conclude the trial court here erred when it misapprehended its authority and declined to rule on whether the trust and family partnership are alter egos of Lily Fu and her appeal lacks merit. Accordingly, we remand to the trial court to enter written findings of fact and conclusions of law resolving the alter ego question in this post dissolution enforcement proceeding and to quiet title to the Lake Ketchum and Colby parcels in favor of Gary Richardson if properly supported by findings of fact and conclusions of

law. We reserve to the trial court any remaining issues for determination. We award Richardson $13,000 in attorney fees on appeal based on Fu's continuing intransigence.[1] The fees shall be paid no later than 60 days from the opinion filing date.

The facts of this protracted litigation over the enforcement of the parties' marital dissolution CR 2A agreement are well known to the parties.[2] This appeal involves Gary Richardson's latest effort to enforce the terms of this agreement requiring Lily Fu to convey to him, as his separate property, marketable title to two parcels of real property—the Lake Ketchum property and the Colby property.

Following a two-day evidentiary hearing over the implementation of the agreement, the trial court entered 18 findings of fact and 4 conclusions of law. Related to the main issue on appeal, the court made the following conclusion of law involving the two parcels:

> The Motion to Implement should not be granted at this time because there may be additional parties who have an interest in said parcels and who are not before the court in this action. Consequently, the actual transfer of title sought in the Motion to Implement should be denied without prejudice.

Clerks Papers (CP) at 42.

---

[1] Richardson also sought an award of fees under RAP 18.9 claiming Fu's assertions are frivolous. While her assertions border on the frivolous, we decline to award fees under this rule.

[2] The parties' final decree of dissolution incorporated the CR 2A agreement.

Fu's Appeal[3]

Fu assigns error to the March 19, 2014 and May 9, 2014 findings of fact and conclusions of law implementing the CR 2A agreement and the related March 19, 2014 and May 9, 2014 judgment summary orders. She challenges findings of fact 13, 14, 15, 16, and 18 and conclusions of law 1, 2, 3, and 4. She also challenges the trial court's ruling "setting this matter for trial." Br. of Appellant at 3. Despite these numerous assignments of error, Fu never specifically argues, analyzes, or cites controlling legal authority to support her assignments of error. A party's failure to support assignments of error with argument or citation to authority precludes appellate review. RAP 10.3; Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). Instead, her arguments are focused solely on whether the trial court erred by denying Richardson's motion to implement without prejudice: "The sole relief sought by Ms[.] Fu's appeal is that Mr. Richardson's motion to implement be denied with prejudice in so far as it sought transfers of real property from entities not before the court." Reply Br. of Appellant at 4. "This appeal raises a narrow issue of whether the court[']s ruling to dismiss without prejudice instead of with prejudice was proper." Reply Br. of Appellant at 5. Furthermore, Fu's arguments are mainly about the "interested parties" issue.

We review findings of fact for substantial evidence. Robblee v. Robblee, 68 Wn. App. 69, 841 P.2d 1289 (1992). Fu never addresses why the findings of fact are not

---

[3] It is questionable whether Fu's claims are appealable for two reasons: first, the trial court never ruled on the merits i.e., whether the trust and family partnership are alter egos of Fu. Second, even if conclusion of law 2 is deemed a final ruling on the merits, Fu is arguably not aggrieved because the court declined to enforce the agreement in favor of Richardson. According to the trial court, other nonparties may have an interest in the parcels.

supported by substantial evidence.[4] Thus the findings are verities on appeal. In re Estate of Palmer, 145 Wn. App. 249, 265, 187 P.3d 758 (2008).

As to the without prejudice versus with prejudice issue, we conclude the court's without prejudice decision was proper. It is obvious from the record that the trial court contemplated the real possibility of further proceedings in this matter.

Furthermore, given our resolution of Richardson's cross-appeal, discussed below, the without prejudice decision was proper.

### Richardson's Cross-Appeal

Richardson contends the trial court abused its discretion by failing to rule on the alter ego claim. Richardson is correct. The court misapprehended its authority to resolve the central issue squarely presented by Richardson. There is no doubt from conclusion of law 2, quoted above, that the court declined to enforce the agreement related to the two parcels because it erroneously concluded that it lacked authority when nonparties may have an interest in the parcels. When justice requires, a court may disregard an alter ego entity of a party to a marital dissolution in order to enforce the decree. W.G. Platts, Inc., v. Platts, 49 Wn.2d. 203, 207-09, 298 P.2d 1107 (1956). Here, the trial court erred when it declined to rule in this action on the question of whether the trust and family partnership are Fu's alter egos warranting the court, in the interest of justice, to disregard these entities and quiet title in favor of Richardson. It is fundamentally unfair to permit Fu to purposefully evade valid court orders (as this record

---

[4] "[An] appellant must present argument to the court why specific findings of fact are not supported by the evidence and must cite to the record to support that argument." Inland Foundry Co., Inc., v. Dep't of Labor & Indus., 106 Wn. App. 333, 340, 24 P.3d 424 (2001).

demonstrates) to avoid an agreement she knowingly and intelligently entered into with assistance of counsel.

Judge Okrent aptly described Fu's litigation tactics in his oral ruling referring the matter to an evidentiary hearing:

> It's also clear that Ms. Fu is a very sophisticated real estate investor, and that at the time she was deposed and at the time she signed the CR 2(a) agreement. It's clear to me that she knew exactly what she was doing when she basically decided that she was not going to pay her ex-husband a dime and was not going to convey [the Lake Ketchum and Colby properties]....
>
> I'm left with the situation of why we are spending all of this money in order to enforce a CR 2(a) agreement? We're spending it because Ms. Fu is intransigent. She will not convey the properties. She conveyed the properties from Lily Fu Living Trust to her limited partnership on March 15, 2013 after Commissioner Bedle ordered the February 26th order to sign the quitclaim deeds. She's not going to do it. She transferred other properties four days before the decision on March 19, 2013....I think she knows full well what she was doing. She's not going to pay. She's going to set up a situation with irrevocable trusts and limited partnerships providing a barrier, a tactical barrier to prolong this until Mr. Richardson just goes away.
>
> . . . .
>
> I find that Ms. Fu is intransigent and I award $10,000 attorney fees to Mr. Richardson payable in 90 days.

CP at 267-68.

We remand to the trial court for entry of findings of fact and conclusions of law as to whether the trust and family partnerships are Fu's alter egos and thus justify, or not, an order quieting title to the two parcels in favor of Richardson.[5]

---

[5] Richardson also asks that we:
"direct the trial court to order that the assets of Ms. Fu's trust and partnership are available for satisfaction of her other obligations under the decree, including not only the money judgments but also her obligation to remove her personal line of credit as an encumbrance to the Lake Ketchum property awarded to Mr. Richardson."
Br. of Cross-Appellant at 21-22.

Attorney Fees

Richardson requests attorney fees for the expense of responding to Fu's continuing intransigence below and on appeal. RAP 18.1. Intransigence is a basis for awarding fees on appeal. Mattson v. Mattson, 95 Wn. App. 592, 606, 976 P.2d 157 (1999). Furthermore, a party's intransigence at the trial court can support an award of attorney fees in the appellate court. Mattson, 95 Wn. App at 606. An appellate court need not consider the financial resources of the party when awarding fees for intransigence. Mattson, 95 Wn. App at 606.

Fu does not seriously dispute that trial courts have previously awarded, at least 3 times, significant attorney fees against her based on her intransigence over the last 3 years of litigation. We are troubled by Fu's flagrant disregard of court orders directing her to convey the two parcels she agreed to give up in the CR 2A agreement. Even more troubling is Fu's lack of candor to the court about the true ownership of the real properties at issue. Fu's history of intransigence,[6] intentional delay, and gamesmanship to avoid compliance is well documented. The court has also previously found Fu in contempt of court in connection with a court order requiring her to execute quitclaim deeds to the two parcels. Fu's questionable litigation tactics have forced Richardson to expend considerable time and attorney fees to enforce the CR 2A agreement. In the words of the trial court, "Why [are we] spending all of this money in order to enforce the CR 2(a) agreement? We're spending it because Ms. Fu is intransigent. She will not

_____

While we acknowledge Richardson's justified frustration with Fu's history of noncompliance, we decline to grant such an order. The trial court should address these issues on remand.

[6] As quoted above, Judge Okrent found Fu intransigent for refusing to convey clear title to Richardson.

convey the properties." CP at 267. The record here amply demonstrates continuing intransigence and obstruction by Fu. We award attorney fees to Richardson incurred on appeal in the amount of $13,000 against Fu. Fu shall pay the fees no later than 60 days from the opinion filing date.

## Conclusion[7]

We remand to the trial court 1) to enter findings of fact and conclusions of law on whether the trust and family partnership are alter egos of Fu, and 2) if properly supported by the findings of fact and conclusions of law, to order that title to the two parcels at issue be quieted in favor of Richardson. We also award attorney fees in favor of Richardson in the amount of $13,000 based on Fu's continuing intransigence and RAP 18.1, payable no later than 60 days from the opinion filing date. Finally, the trial court retains full authority to impose additional fees if Fu's intransigence continues.[8]

WE CONCUR:

---

[7] Fu also challenges the CR 2A agreement's validity. This challenge is untimely and lacks merit. She failed to appeal orders affirming the agreement's validity. Fu also contends the CR 2A agreement was vacated. Fu misunderstands Commissioner Bedle's order. He reopened the decree, not the CR 2A agreement.

[8] In addition, the trial court may exercise its contempt powers to compel Fu's compliance with its orders.