NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 7 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GARY W. ALEXANDER, | No.    23-70075 |
| Petitioner-Appellant, | Tax Ct. No.  20069-22 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted November 5, 2024**
San Francisco, California

Before:  GOULD, SUNG, and DE ALBA, Circuit Judges.

Appellant Gary Alexander appeals pro se the United States Tax Court's

dismissal of his petition challenging a Notice of Deficiency for tax years 2016 and

2017 and its imposition of a $10,000 penalty pursuant to 26 U.S.C. § 6673 for

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

maintaining frivolous proceedings for the purpose of delay.[1]

The Internal Revenue Service ("IRS") issued a Notice of Deficiency (the "Notice") in May 2022 that determined Mr. Alexander owed more than $500,000 in taxes and related penalties due to unreported rental income and debt forgiveness income, disallowed deductions, and fraudulent tax refund amounts. In August 2022,[2] pursuant to § 6213(a), Mr. Alexander filed a petition challenging the Notice, asserting (among other things not relevant here) that §§ 6651(a)(1) and 6662(a) "only apply to the sale of Alcohol, Tobacco or Firearms." He did not challenge the IRS's adjustments or findings of unreported income.

In November 2022, the IRS filed a motion to dismiss the petition and sought penalties under § 6673. In the following weeks, Mr. Alexander filed two amended petitions and his own motions to dismiss asserting the same arguments he had alleged in his original petition, as well as a new one that the Tax Court lacked jurisdiction over his case. The Tax Court provided him with opportunities to file amended petitions to clarify his challenges, urged him to consult with an attorney, and warned him that his arguments were frivolous and subject to penalty under

---

[1]     All further statutory references herein are to the Internal Revenue Code unless otherwise specified.

[2]     Mr. Alexander previously filed a different petition in or around early 2018 before any Notice of Deficiency or IRS determination had been made. Accordingly, his petition was dismissed for lack of jurisdiction as there was no Notice of Deficiency to challenge at that time.

§ 6673.  Mr. Alexander continued making the same arguments until the Tax Court granted the IRS's motion to dismiss and imposed a $10,000 penalty upon him in February 2023.

We have jurisdiction pursuant to § 7482(a)(1), and we construe Mr. Alexander's pro se papers liberally.  *See Christensen v. Comm'r*, 786 F.2d 1382, 1384–85 (9th Cir. 1986) (citing cases).  We review Tax Court decisions "on the same basis as decisions in civil bench trials," and accordingly, we review legal conclusions de novo and factual findings for clear error.  *Kelley v. Comm'r*, 45 F.3d 348, 350 (9th Cir. 1995) (citations omitted); *Mazzei v. Comm'r*, 998 F.3d 1041, 1054 (9th Cir. 2021) (quoting § 7482(a)(1)).  Discretionary rulings, including those imposing penalties under § 6673, are reviewed for abuse of discretion.  *See Liti v. Comm'r*, 289 F.3d 1103, 1105 (9th Cir. 2022) (citation omitted).

Subject to certain exceptions not applicable to this case, the Tax Court's dismissal of a taxpayer's petition constitutes a decision that the IRS's deficiency determination is correct.  *See* § 7459(d).  We affirm the Tax Court.

1.      The Tax Court had jurisdiction over Mr. Alexander's petition.  The extent of the court's jurisdiction is established by Congress.  *See Mereulo v. Comm'r*, 691 F.3d 1108, 1115 (9th Cir. 2012) (citation omitted).  Congress has conferred jurisdiction on the Tax Court where, as here, the IRS issues a Notice of

Deficiency and the taxpayer files a timely petition challenging the Notice. *See id.*; §§ 6212, 6213, 6214. Mr. Alexander's argument is based on a purported quote from *Maine v. Thiboutot*, 448 U.S. 1 (1980), that "[j]urisdiction once challenged cannot be assumed, but must be clearly shown." No such quote appears in the *Maine* decision, and §§ 6212, 6213, and 6214 "clearly show" that the Tax Court had jurisdiction once the IRS issued the Notice and Mr. Alexander timely filed his petition.

Mr. Alexander also claims that the prior dismissal of his petition in 2018 for lack of jurisdiction means there is no jurisdiction in this case. He is incorrect. The prior dismissal of his premature tax petition in 2018 has no relevance to the Tax Court's jurisdiction over his August 2022 petition. Indeed, the 2018 dismissal expressly stated that it lacked jurisdiction "as of the date the petition herein was filed," which was four years before the May 2022 Notice at issue here.

2. The plain text of §§ 6651(a)(1) and 6662(a) applies to Mr. Alexander, and it is not limited to alcohol, tobacco, and firearm sales. No language in either section supports Mr. Alexander's argument, and we have rejected this same argument before. *See United States v. Black*, 482 F. App'x 241, 243 (9th Cir. 2012) (mem.); *Stamos v. Comm'r*, No. 91-70121, 1992 WL 45780, at *2 n.1 (9th Cir. 1992) (unpublished).

3. Mr. Alexander's pro se briefing regarding jurisdiction includes a short

4

statement that the $10,000 penalty imposed upon him "has no basis in fact." We construe this as a challenge to the order imposing a $10,000 penalty upon him for making frivolous arguments for the purpose of delay. We hold that the Tax Court did not abuse its discretion. The Tax Court warned Mr. Alexander that his arguments were frivolous and advised him of the potential consequences. It provided him with several opportunities to file a proper petition and to seek help from an attorney. Mr. Alexander nevertheless insisted on making the same baseless arguments. The Tax Court thus acted within its discretion to impose the penalty under § 6673(a).

**AFFIRMED.**